FELICIA GALATI, ESQ.
Nevada Bar No. 7341
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
fgalati@ocgas.com
Telephone: 702-384-4012
Facsimile:  702-383-0701
Attorneys for Defendant
BASS PRO OUTDOOR WORLD, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THADDEUS YUREK; <br><br> Plaintiff, <br><br> vs. <br><br> BASS PRO OUTDOOR WORLD, LLC dba Bass Pro Shops; CHENGBAO ENTERPRISES LIMITED; DOES I through X; and ROE BUSINESS ENTITIES I through XX, inclusive, <br><br> Defendants. | CASE NO.: 2:17-cv-01265-APG-NJK <br><br><br> **STIPULATED PROTECTIVE ORDER** |

Certain documents and information that Defendant BASS PRO OUTDOOR WORLD, LLC (hereinafter referred to as "Bass Pro") and Defendant CHENGBAO ENTERPRISES LIMITED (hereinafter referred to as "Chengbao") have determined contain trade secrets or other business confidential or proprietary information will be marked "confidential" and will be governed by the following terms, restrictions and conditions.

1.   Documents produced by Bass Pro or Chengbao in connection with the above-referenced litigation that are marked "confidential," and the information contained therein, shall be disclosed only to counsel of record for the parties and their experts in this action or individuals certified by such counsel as employed by or assisting counsel in preparation for, or at

1

the trial of, and only for the purpose of prosecuting this action.

2. Any such documents and/or information shall be used only for the purpose of prosecuting the above-referenced litigation.

3. Any person or firm to whom such "confidential" documents and/or information contained therein will be disclosed shall first be advised by counsel making the disclosure that this Protective Order is in effect, and pursuant to this Protective Order they may not divulge any such confidential documents or information to any other person, and that copies of the "confidential" documents must be returned at the conclusion of this litigation.

4. In the event any document marked "confidential" or the information contained therein is to be included with, or the contents thereof is to be disclosed in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, that party must first file a motion for leave to file the documents under seal in accordance with this Court's electronic filing procedures, and in compliance with Local Rule IA 10-5 and Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006). Parties and nonparties also shall comply with all requirements of Fed. R. Civ. P. 5.2 with regard to all documents filed with the Court.

5. The parties shall move the Court for an appropriate protocol for the handling and use of confidential and proprietary materials to be used as an exhibit at trial.

6. Any objection to the provisions of this Protective Order regarding the designation of any document as confidential, or the use for any such confidential information contained therein, shall be resolved only by Court Order upon *in camera* hearing on proper motion and upon good cause shown, to prevent disclosure to non-parties or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and/or information.

7. Production of such documents and/or information by Bass Pro shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality, which it may have.

8. Any inadvertent or unintentional failure to designate protected information as "confidential" shall not be deemed a waiver in whole or in part of that party's claim of

2

confidentiality, as long as the disclosing party notifies all parties in writing that such protected information constitutes confidential information within 7 days after learning that the protected information was inadvertently or unintentionally produced without an appropriate confidentiality designation.

9. Upon termination of the above-referenced litigation, all copies of the "confidential" documents furnished by Bass Pro or Chengbao to Plaintiff or any other party to this action, together with all originals and copies, including copies provided to all experts and persons identified (as set forth in ¶1 herein), and all originals and copies of notes, sketches, data, compilations, extracts and reproductions of documents furnished by Bass Pro or Chengbao, shall be returned to counsel for Bass Pro or Chengbao together with a letter from counsel for Plaintiff or other parties, that all "confidential" documents, copies of such documents which were provided by Bass Pro or Chengbao, have been returned to Bass Pro or Chengbao along with an affidavit that contains the names of all individuals who saw the document(s).

Dated this 6th day of July, 2017

/s/ *Robert M. Adams*
_____
Robert T. Eglet, Esq.
Robert M. Adams, Esq.
Artemus W. Ham, Esq.
Richard K. Hy, Esq.
EGLET PRINCE
400 South Seventh Street, Suite 400
Las Vegas, NV 89101
Attorneys for Plaintiff THADDEUS YUREK

Dated this 6th day of July, 2017

/s/ *Felicia Galati*
_____
Felicia Galati, Esq.
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, NV 89129
Attorneys for Defendant BASS PRO
OUTDOOR WORLD, LLC

IT IS SO ORDERED.
Dated: July 7, 2017

_____
United States Magistrate Judge

3